IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEAN ROLL,                                    :
                                              :   Case No. C-1-05-387
                       Plaintiff,             :
                                              :   District Judge Susan J. Dlott
            v.                                :
                                              :   ORDER GRANTING DEFENDANTS'
                                              :   MOTIONS TO DISMISS AND
DIMENSION FILMS, L.L.C., *et al.*             :   DISMISSING WITHOUT PREJUDICE
                                              :   PLAINTIFF'S CLAIMS AGAINST
                       Defendants             :   DEFENDANTS AVELLAN,
                                              :   RODRIGUEZ, TROUBLEMAKER
                                              :   STUDIOS, L.P., AND SONY
                                              :   PICTURES ENTERTAINMENT, INC.
                                              :

        This matter comes before the Court on Defendants Elizabeth Avellan's and Robert

Rodriquez's, Troublemaker Studios, L.P.'s, and Sony Pictures Entertainment, Inc.'s

("Defendants") respective Motions to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed.

R. Civ. P. 12(b)(2).  (Docs. ##29, 30, 33.)  For the reasons stated below, this Court **GRANTS**

Defendants' motions (docs. ##29, 30, 33) and **DISMISSES WITHOUT PREJUDICE** Roll's

claims against Defendants Elizabeth Avellan, Robert Rodriguez, Troublemaker Studios, L.P.,

and Sony Pictures Entertainment, Inc.

I.      BACKGROUND

        Plaintiff in this case is Dean Roll.  Roll named the following as defendants:  Dimension

Films, L.L.C. ("Dimension"), Miramax Film Corp. (Miramax), Sony Pictures Entertainment, Inc.

1

("SPE"), Troublemaker Studios, L.P.[1] ("Troublemaker"), Robert Rodriguez, Elizabeth Avellan, McDonald's Corp. ("McDonald's"), and Sleepyheads.com, Inc. ("Sleepyheads").[2] Roll is engaged in the sport of professional wrestling; he uses the trademark "SHARK BOY" (hereinafter, the "mark"), as his professional wrestling name. (Doc. #6 at 4, ¶17.) Plaintiff alleges that he is the owner of the mark, which he has been using in interstate commerce since 1997. (Id.) He submits that the mark was registered by the United States Patent and Trademark Office on June 13, 2000, under Registration Number 2,357,366. (Id., ex. 1.) Plaintiff filed his Amended Complaint on June 14, 2005, shortly after the release of the film "The Adventures of Shark Boy and Lava Girl in 3-D" (the "movie"), alleging that Defendants' involvement with the movie violated several federal and Ohio laws. Specifically Plaintiff has made claims for: 1) federal trademark infringement in violation 15 U.S.C. § 1114; 2) unfair competition in violation of 15 U.S.C. § 1125(a); 3) federal dilution of the mark, in violation of 15 U.S.C. § 1125(c); and 4) violation of Ohio's Deceptive Trade Practices Act, O.R.C. § 4165.02.

On July 27, 2005, Rodriguez and Avellan filed a joint motion (doc. #29), and Troublemaker filed a separate motion (doc. # 30), moving for dismissal for lack of personal jurisdiction. On August 5, 2005, SPE also filed a motion to dismiss this action for lack of personal jurisdiction (doc. # 33). On August 8, 2005, this Court held a conference with the parties where it: 1) set a deadline of November 8, 2005 for Roll to add parties; 2) extended the deadline for discovery regarding personal jurisdiction until November 8, 2005; and 3) extended

---

[1]Roll actually named "Troublemaker Studios" as a Defendant, but Troublemaker Studios, L.P., submitted its correct name to this Court.

[2]Fisher-Price, Inc. ("Fisher-Price") was also named as a Defendant, but has since been terminated from the case pursuant to the parties' Stipulation of Dismissal (doc. #37).

the deadline for Roll's opposition to the motions to dismiss for lack of personal jurisdiction until November 30, 2005.[3] Despite the latter extension, Roll never filed a brief in opposition to Defendants' motions. United States Magistrate Judge Black held a hearing on the motions via telephone on January 5, 2006. Neither party submitted evidence at the hearing. Having considered Defendants' motions and conferred with Judge Black regarding the hearing, the Court hereby **GRANTS** Defendants' motions to dismiss.

## II.    ANALYSIS

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(2). Rule 12(b)(2) provides for dismissal for "lack of jurisdiction over the person." The plaintiff bears the burden of establishing that he has personal jurisdiction over Defendants. See Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). When a defendant challenges a plaintiff's assertion of personal jurisdiction over him, the plaintiff may not rest upon his pleadings, but must "set forth specific facts showing that the court has jurisdiction." Id. If, as here, the Court permits discovery on the question of personal jurisdiction and then holds a hearing on the matter, the plaintiff must prove that the Court has jurisdiction by a preponderance of the evidence. See Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989).

### A.    At the Hearing

At the hearing on Defendants' motions to dismiss, counsel for Roll conceded that Roll had not met his burden of substantiating facts that establish this Court's jurisdiction over Defendants. Roll's counsel made some new, unsubstantiated allegations regarding sources of

---

[3]As the Court stated that it would at the conference, the Court entered a written order to this effect on October 31, 2005.

3

personal jurisdiction regarding some Defendants, and asked the Court for more time to file interrogatories and to file oppositions to Defendants' motions to dismiss.  The Court notes that at the August 8, 2005 conference with the parties, which was held after Defendants had filed their motions to dismiss, the Court gave Roll a significant extension of time for both discovery on the issue of personal jurisdiction, and to file his response to Defendants' motions.  Roll nevertheless failed to either pursue discovery or file any briefs in opposition to Defendants' motions.  The Court declines to grant Roll additional time to establish personal jurisdiction over Defendants, and will consider Defendants' motions on the basis of the evidence and papers now before it.

   **B.    Legal Analysis**

   Although Roll has apparently conceded that he failed to meet his burden, the Court will evaluate the evidence before it for the sake of the record.  Roll has alleged that this Court has both federal question jurisdiction and diversity jurisdiction.  (See doc. #6, p.4, ¶15.)[4]  To assert personal jurisdiction over a defendant, a federal court sitting pursuant to either federal question or diversity jurisdiction must find that:  1) the exercise of personal jurisdiction would not deny the defendant due process; and 2) the defendant is amenable to service of process under the forum state's long-arm statute.  See Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002) (regarding personal jurisdiction in federal question cases); Theunissen, 935 F.2d at 1459 (regarding personal jurisdiction in diversity jurisdiction cases).  Defendants argue that Roll has failed to prove either of these required findings.  Because it is apparent that exercising jurisdiction over Defendants would violate their due process rights, however, the Court need not address

---

   [4]Roll has also alleged that the Court has supplemental jurisdiction over his state law claims.  (See doc. #6, p.4, ¶15.)

Defendants' argument that they are not amenable to service of process under Ohio's long-arm statute.

Defendants argue that this Court may not exercise personal jurisdiction over them because it would violate their due process rights. "The Supreme Court has held repeatedly that: 'due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''" See Third Nat'l Bank in Nashville v. WEDGE Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989) (citing International Shoe Co. v. Washington, 326 U.S. 310 (1945)). The Supreme Court has recognized two types of personal jurisdiction: specific and general. Id. at 1089.

**1.      Specific Jurisdiction**

"In a specific jurisdiction case, 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Id. (citations omitted). A court may exercise personal jurisdiction over a defendant pursuant to specific jurisdiction if: 1) the defendant "purposefully avail[s] himself of the privilege of acting in the forum state or causing a consequence in the forum state"; 2) the cause of action "arises from the defendant's activities there"; and 3) "the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Id. at 1090.

Defendants argue that Roll has not met his burden of proving jurisdiction because he has not shown that they purposefully availed themselves of the privilege of acting in the forum state. "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the

forum state 'proximately result from actions by the defendant *himself* that create a substantial connection with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" Bridgeport Music, Inc. v. Still N The Water Publ'g, 327 F.3d 472 (6th Cir. 2002) (citations omitted) (emphasis in original), cert denied, 540 U.S. 948 (2003). "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" Id. (citations omitted). "The emphasis in the purposeful availment inquiry is whether the defendant has engaged in 'some overt actions connecting the defendant with the forum state.'" Id. (citing Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1274 (6th Cir. 1998))." Purposeful availment, then, must be "something more than a passive availment of [the forum state's] opportunities." Id.

Roll alleges that Defendants: 1) produce movies for release to the general public (doc. #6 ¶ 22); 2) produced the Movie for release (id. at ¶ 26); 3) used the mark in interstate commerce (id. at ¶ 41); and 4) adopted and displayed the mark (id. at ¶ 42.). Roll's Amended Complaint does not mention Ohio, or make any allegations connecting Defendants with Ohio, nor has Roll put forward any facts connecting Defendants with Ohio. As Defendants argue, Roll's allegations at best amount to the charge that Defendants have placed a product, the Movie, into the "stream of commerce."

Bridgeport Music is instructive. In Bridgeport Music, the Sixth Circuit considered the plaintiff's appeal from a Tennessee district court's order granting defendants' motion to dismiss for lack of jurisdiction. 327 F.3d at 475. The plaintiffs-appellants ("plaintiffs") were music

6

publishers and distributors. Id. at 476. The defendants-appellees ("defendants") were a competing music publisher and a competing recordings distributor based in Texas and Florida, respectively. Id. The plaintiffs alleged that the defendants were infringing upon their copyrights by sampling from the plaintiffs' copyrighted songs and compositions, and then making recordings and distributing those recordings. The defendants brought a motion to dismiss for lack of personal jurisdiction. The district court held that, because the defendants had not purposefully availed themselves of the privilege of acting in Tennessee, the forum state, the court did not have specific jurisdiction over the defendants.

On appeal, the Bridgeport plaintiffs argued that the defendant music publisher had purposefully availed itself of the privilege of acting in Tennessee because it had issued mechanical licenses to certain entities that it knew were likely to distribute recordings throughout the United States, including in Tennessee. Id. at 480. The Sixth Circuit, in considering the issue of purposeful availment, began by specifically adopting Justice O'Connor's approach to purposeful availment as articulated in Asahi Metal Indus. Company, Ltd. v. Superior Ct., 480 U.S. 102 (1987) (plurality op.). Id. In Asahi, the Supreme Court considered whether a foreign manufacturer purposefully avails itself of the privilege of acting in a forum state merely by placing a product into the stream of commerce. Justice O'Connor opined that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." Asahi, 480 U.S. at 112. Next, the Sixth Circuit considered the facts in Bridgeport in light of its decision in Tobin v. Astra Pharm. Prods., Inc., 993 F.2d 528 (6th Cir. 1993), in which the Sixth Circuit held that a defendant had purposefully availed itself because it had a contract with a distributor requiring nationwide distribution.

7

Following <u>Tobin</u>, the Sixth Circuit held that the defendant recordings distributor *had* purposefully availed itself because it was party to a distribution agreement providing for distribution in all fifty states. <u>Id</u>. at 484. The Court came to the opposite conclusion, however, regarding the defendant music publisher. The Court noted that the plaintiff had submitted no evidence showing that the defendant music publisher had such a distribution agreement, or was more than "merely aware that their distributor was likely to market the product in all fifty states." <u>Id</u>. at 480. Thereby distinguishing <u>Tobin</u>, the Sixth Circuit concluded as to the defendant music publisher that such "mere awareness" was not sufficient to show purposeful availment. <u>Id</u>. at 480-81.

Here, Roll has made no allegations, nor produced any evidence, that Defendants had any distribution agreement, let alone one that required nationwide distribution of the Movie. In fact, Defendants have submitted the only evidence before this Court about any agreements relating to the Movie. Defendant Avellan has attested on behalf of her and Rodriguez's company, Troublemaker, that Troublemaker had an agreement with Miramax giving Miramax exclusive rights to the Movie. (<u>See</u> doc. # 30, Separate Avellan Dec. ¶¶ 3,6.) Avellan has also attested that Troublemaker neither distributed the Movie, nor had any control over the distribution of the Movie. (<u>See</u> doc. # 30, Separate Avellan Dec. ¶ 7.) For their part, Defendants Avellan and Rodriguez have submitted that neither of them were a party to any of the agreements between Troublemaker and Miramax, and that neither distributed the Movie nor had any control over the distribution of the Movie. (<u>See</u> doc. #29, Avellan Dec. ¶¶ 9,10; Rodriguez Dec. ¶¶ 9,10.) There is no evidence before this Court, however, indicating whether Troublemaker and Miramax had a distribution agreement, let alone the terms of such a possible agreement. As such, the most the

Court could assume from the evidence before it – and it would be an assumption, not a fact – is that Defendants Avellan, Rodriguez, and Troublemaker may have anticipated that Miramax would arrange to have the Movie distributed nationally.  Under <u>Bridgeport</u>, that assumption is not enough to establish purposeful availment.  <u>Bridgeport</u>, 327 F.3d at 480-81; <u>accord</u> <u>Davidson v. Time Warner, Inc.</u>, No. Civ. A. V-94-006, 1997 WL 405907, at *8 (S.D. Tex. Mar. 31, 1997) (dismissing defendant artist for lack of personal jurisdiction, even though defendant "may have hoped" for national distribution, because plaintiff failed to link artist to product's distribution chain).

Defendant SPE has also submitted evidence regarding an agreement.  SPE declares that it is the indirect parent of Columbia, who had an agreement with Miramax solely for international distribution rights to the Movie.  (<u>See</u> doc. #34, Heim Dec. ¶¶ 3,8.)  SPE submits that it is not a party to the agreement between Columbia and Miramax, that it has no right to distribution under the agreement, and that it will not distribute the Movie either nationally or internationally.  (<u>Id</u>. at ¶¶ 8,9,11,14.)  As SPE points out, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction."  <u>See</u> <u>Dean v. Motel 6 Operating L.P.</u>, 134 F.3d 1269, 1274 (6th Cir. 1997).  Moreover, the facts here are readily distinguishable from those of the defendant music distributor in <u>Bridgeport</u>.  Here, while SPE has admitted that Columbia was party to a distribution agreement for the Movie, that agreement permits Columbia to distribute the Movie only internationally – not nationally, as in <u>Bridgeport</u> – and certainly not in Ohio.  Thus, even if the evidence showed that SPE exercises such control over Columbia that it could be held accountable for Columbia's actions – which the evidence does not show – there is no evidence that either Columbia or SPE took *any* affirmative action to purposefully avail

itself of the privilege of acting in Ohio.  See, e.g., Dean, 134 F.3d at 1274.

As Roll has made no other allegations – nor produced any evidence, let alone a preponderance of the evidence – suggesting that Defendants took any action whatsoever to direct the Movie to Ohio, Roll has not met his burden of proving that Defendants purposefully availed themselves of the privilege of acting in Ohio.  Bridgeport, 327 F.3d at 480-81 (no purposeful availment where no evidence that defendant "took any actions to direct the [product] to [the forum state]").  As such, Roll has failed to show that it would not violate the Defendants' Due Process Rights to exercise specific personal jurisdiction over them.

### 2.     General Jurisdiction

"In a case of general jurisdiction, a defendant's contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state."  WEDGE Group Inc., 882 F.2d at 1089 (citations omitted).  While "specific jurisdiction often may be premised on a single act of the defendant," general jurisdiction may not be.  See Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co., Ltd., 91 F.3d 790, 794 (6th Cir. 1996).

Defendants Avellan and Rodriguez declare, and Roll has presented no evidence to the contrary, that they do not have and have not had any contacts with Ohio beyond a single visit to Cleveland, Ohio in 1993.  Troublemaker submits that it has never engaged in any significant activities connected to Ohio, and its only connection to Ohio is its owners' single trip to Cleveland, Ohio in 1993.  (Doc. #30, Separate Avellan dec. ¶11.)  That single trip is not sufficient to confer general jurisdiction over Avellan, Rodriguez, or Troublemaker.  See, e.g., Tryg, 91 F.3d at 794 (general jurisdiction may not be premised on single act); Landoil Resources

Corp. v. Alexander & Alexander Services, Inc., 918 F.2d 1039, 1045 (2nd Cir. 1990) (collecting cases holding no general jurisdiction conferred by defendants' few and sporadic business trips to forum state).  For its part, SPE submits that it has no presence in Ohio sufficient to confer general jurisdiction over it because SPE has no office or employees in Ohio.  (Doc. #34, Heim dec. ¶16.)  As Roll admitted at the hearing, Roll has not presented any evidence, let alone a preponderance of the evidence, to the contrary.  Roll has thus also failed to show that it would not violate the Defendants' Due Process Rights to exercise general personal jurisdiction over them.

Roll has thus failed to meet his burden of establishing that this Court has personal jurisdiction over Defendants.  Under Federal Rule of Civil Procedure 41(b), dismissals for lack of jurisdiction must be without prejudice.  See Fed. R. Civ. P. 41(b); InteraCorp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).  The Court therefore **DISMISSES WITHOUT PREJUDICE** Roll's claims against Defendants.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (docs. ## 29, 30, 33).  Roll's claims against Defendants Avellan, Rodriguez, Troublemaker, and SPE are hereby **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

\_\_\_\_s/Susan J. Dlott_____

Susan J. Dlott
United States District Judge

12